By the Chancellor.

If a question like the present Inis before occurred, it passed unnoticed. The several statutes which regulate, in many respects, the practice of this Court, are silent on this subject. I will therefore examine the practice,, as laid down in the English books.
In 1 P. Wms. 297. (Rawlins v. Powell,) where an executor had a legacy, and no express disposition w as-made of the surplus; on a bill brought by the next of kin for a distribution, the executor answered, and waiv-. ed the benefit of the surplus, by mistake of the law in that point; he was denied leave to amend his answer, *406 though he proved that the testator intended that he should have the surplus.
In 2 P. Wms. 427. (Countess of Gainsborough v. Gifford,) a defendant was allowed to amend his answer after the hearing and decree, on the affidavits of the solicitor arid his clerk, that the mistake was in the engrossing the answer from the draft; and the draft was produced, by which it- appeared; and this was done after the same had been before denied on a petition, and on.a motion, although no precedent could be shewn that this had ever been done after the cause was heard.
In 3 Atk. 489. (Pearce v. Grove,) the Court refused to allow a defendant to amend his answer by striking out of it the admission of a fact, by which the plaintiff -would be deprived of the benefit of it as evidence, especially as he did not swear he was surprised into it, or ill-advised in setting it forth ; and the Chancellor in that case ..distinguished between the admission of facts, and the admission of a consequence in law, or a consequence in equity; for the Court is to. judge of the law, and the party not bound by any admission of it.
In 1 Bro. Chan. Cas. the Chancellor refused the defendant to amend his answer, after an indictment for perjury had been preferred or threatened, in order to avoid the indictment, although the Chancellor was satisfied that, the defendant did not mean to perjure himself, as he had no interest in so doing; as that question would be proper before the Jury.
In 1 Har. Ch. Pr. 307. it is laid down, that the defendant may, without notice, move to amend his answer in a small matter; but, if it be in a material point, .he must give notice; and that there are no settled rules for amending answers ; but it is discretionary in the Court; and it is often done where issue is not joined.
. In ■Mitford’s Pleadings, 260. it is said, that where, upon hearing a cause, it has appeared, that the defendant has not put in issue, by his answer, facts which he *407 ought to have put in issue, and which should be in issue, to enable the Court to determine the merits of the case, he has been permitted to amend his answer by stating those facts; but he cannot amend his answer to state a fact, though to his advantage, which happened subsequent to his answer; but if this appears to the Court at the hearing of the cause, the proper way seems to be, to order the cause to stand, till a new bill, in which the fact can be put in issue, can be brought to a hearing with the original suit.
Upon a view of all these cases it seems, that the indulgence given by the Court, is allowed to the .mistakes of parties, and with a view to save expense ; and in such cases only where no injury can arise to other parties from the indulgence. But in general, with respect to the original parties, and their interest, no amendment will be permitted after the cause is at issue, and witnesses have been examined and publication passed; though a plaintiff has been permitted, even under such circumstances, to amend his bill, by adding a prayer omitted by mistake.(a)
Taking this view of the law, and the practice of the Court of Chancery in that country from which we have derived our system of Chancery proceedings, these general rules present themselves as proper to be established for the future government of the practice of this Court;
1. To allow a defendant to amend his answer must, from the nature of the case, be always at the discretion of the Court.
2. It may be done in a small matter, on motion, at any time before issue joined.
3. But, in a material point, the motion must be made upon an affidavit of the facts, which make it necessary; and after reasonable notice thereof to the plaintiff or his counsel, that the Court may take care that no injury be produced to the other party. And
*408 4. The affidavit ought to state, that, at the time of putting in the answer, the defendant did not know the circumstances upon which he makes the application, or any other circumstance upon which he ought to have stated the fact otherwise.
The modem practice in England, is to put in a sup~ plemental answer, and not to amend the former ;(a) but c ... , w the reason of this change in that country (which is nothing more than a mere technical difference) is not discerned ; and, if it were, it \yould not be adopted merely on that account; a practice which has become too fashionable in all our Courts. No : this Court will take the standard erected by the principles of the revolution, and declared by an ordinance of convention in the year 1776; and by that adopt its own rules. But, as to the case in question, it is not brought before me within any of the rules before laid down; and the Court should act with very great caution, even if it were. This suit is at issue: it has been tried and referred to a Commissioner: a report has been made, and that recommitted-,: this state of things enables the defendant to know where the shoe pinches ; and to allow him to amend his answer, unless strictly within the rule of the Court, might be putting it in his power to avoid the consequences of the suit, which would be unreasonable at this stage of the cause. And, although he is an executor, yet, for any thing which appears to the Court, he is not, on that account, entitled to the indulgence.
Motion denied*

 Mitfords Pleadings, 263.

) Wells v. Wood, 10 Ves. jun. 401.